UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHEMICAL LOGISTICS, INC., individually, and on behalf of all others similarly situated,

    Plaintiffs,

v.

WABASH NATIONAL CORPORATION; et al.,

    Defendants.

2:10-cv-0110-LRH-PAL

ORDER

Before the court is plaintiff Chemical Logistics, Inc.'s ("CLI") motion to remand and for attorney's fees filed on February 24, 2010. Doc. #19[1]. Defendants Wabash National Corporation ("Wabash") and Wabash National Trailer Centers, Inc. ("WNTC") filed a response on March 15, 2010 (Doc. #21), to which defendant ArvinMeritor, Inc. ("Meritor") joined (Doc. #22). Thereafter, CLI filed a reply on March 22, 2010. Doc. #23.

**I.**    **Facts and Procedural History**

Defendant Wabash specializes in the design and production of truck trailers. Defendant Meritor is a global supplier of integrated systems and components for commercial truck and trailer manufactures. Plaintiff CLI owns twelve (12) Wabash semi-trailers equipped with Meritor

---

[1] Refers to the court's docket entry number.

suspensions systems and axles.

On October 8, 2008, a CLI driver was pulling one of the Wabash trailers when the left tandem wheel assembly became unhinged from the trailer. CLI contacted Wabash for warranty consideration and was directed to Auto Safety House, a Wabash approved warranty and repair service. CLI repaired the trailer and sought warranty reimbursement. Wabash declined stating that the trailer was not the cause of the wheel and axle failure.

On April 13, 2009, CLI filed suit against defendants in state court for breach of express and implied warranties. On January 26, 2010, Wabash removed the action to federal court on federal diversity grounds under the Class Action Fairness Act alleging that the repair estimate provided by CLI in its December 27, 2009 initial disclosures satisfies the $5,000,000.00 amount in controversy requirement. Doc. #1. Thereafter, CLI filed the present motion to remand and for attorney's fees. Doc. #19.

**II.    Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1332(d).

\\\

### III. Discussion

**Motion to Remand**

    **a. Amount in Controversy**

The Class Action Fairness Act ("CAFA"), found at 28 U.S.C. § 1332(d), extends federal subject matter jurisdiction to a class action when the aggregate claim exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party has the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $5 million. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir, 2006). Jurisdiction cannot be based on "speculation and conjecture." *Lowedermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). In determining whether the amount in controversy exceeds the jurisidictional requirement, the court may consider facts in the notice of removal as well as "summary judgment type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

Here, the court finds that Wabash has not established the amount in controversy exceeds $5 million by a preponderance of the evidence. Wabash argues the amount in controversy is reached by multiplying the estimated repair cost of the failed trailer evidenced in CLI's lowest estimate, $3,410.85 (Doc. #1, Exhibit B), by 2000, the number of alleged Wabash trailers with a Meritor suspension system in CLI's complaint. However, Wabash's calculations are not supported by the allegations in the complaint.

CLI filed a class action complaint on behalf of people who purchased a Wabash trailer with a Meritor suspension system. The class is not limited to those vehicles that have suffered a severe suspension failure for which the repair estimate is applicable. Moreover, CLI's alleges that it owns twelve trailers, only one of which had to be completely repaired. As the only evidence before the court is for the estimated repair cost of the single failed trailer, the repair estimate only establishes

1  an amount in controversy of $3,410.85, well below the $5 million requirement.

2  As to the remaining vehicles in the class, CLI is seeking replacement or retrofitting of the
3  suspension systems, not repair of the entire tandem wheel assembly. Wabash has not provided any
4  evidence as to the cost of replacing or retrofitting the allegedly faulty suspension system, but CLI
5  has alleged that such replacements is significantly less than the repair estimate for the one failed
6  vehicle because the repair estimate includes repairs to the suspension system, axle, wheel, hub
7  assembly, and tire system. Thus, the court finds that Wabash has failed to satisfy the amount in
8  controversy by a preponderance of the evidence. Accordingly, this action shall be remanded back to
9  state court.

10 **Motion for Attorney's Fees**

11 An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C.
12 § 1447(c). A district court has wide discretion to grant attorney's fees. *Moore v. Permanent*
13 *Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). Fees may be awarded when removal, "while
14 fairly supportable, was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*,
15 208 F.3d 1102, 1106 n.6 (9th Cir. 1999).

16 Here, the court declines to exercise its discretion in awarding attorney's fees because
17 defendants' removal, though ultimately improper, was based on documentation provided by CLI.
18 Accordingly, plaintiffs' request for attorney's fees upon remand is denied.

19 IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #19) is
20 GRANTED.

21 IT IS SO ORDERED.

22 DATED this 7th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE